UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LAWRENCE H. LAMEIRE,         )
                             )
     Plaintiff,              )
                             )    C.A. No 99cv12494-WGY
v.                           )
                             )
ARTHUR R. MACHADO, et al.,   )
                             )
     Defendants.             )
                             )

## DEFENDANTS' JOHN DOE ##2-5'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The defendants, JOHN DOE ##2-5 [hereinafter collectively referred to as "the Trial Court Defendants"], respond to the Amended Complaint of plaintiff LAWRENCE H. LAMEIRE ["LaMeire"] by correspondingly numbered paragraphs as follows:

### Nature of the Action

1-5. These paragraphs are by way of introduction as to which no responsive pleading is required and is accordingly denied.

### The Parties

6. The Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are therefore denied.

7. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without




knowledge or information sufficient to form a belief as to the truth of their allegations.

8. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

9. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

10. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

11. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

12. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

13. The Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are therefore denied. Further answering on information and belief the Trial Court employees on duty at the time and in the

vicinity of the alleged incident were John Honohan and Richard Simmons.

14. The Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are therefore denied.

## Jurisdiction

15. This paragraph is a conclusion of law, admits of no responsive pleading, and is therefore denied.

16. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

17. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

18. Admitted.

19. Denied.

## General Allegations

### Pretrial Detention and Psychiatric Care of LaMeire

20. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

21. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without

knowledge or information sufficient to form a belief as to the truth of their allegations.

22. The Trial Court defendants deny any knowledge or awareness of the report and they are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of this paragraph which are therefore also denied.

23. The Trial Court defendants deny any knowledge or awareness of the report and they are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of this paragraph which are therefore also denied.

24. Denied.

### Trial and Suicide Attempt

25. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

26. Admitted.

27. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

28. Denied except as to the date LaMeire's case came on for trial.

29. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without

knowledge or information sufficient to form a belief as to the truth of their allegations.

30. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

31. The Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph which are therefore denied.

32. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

### Suicide Attempt and Response by Bailiffs

33. Admitted except as to the circumstances of LaMeire's transportation as to which the Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of their allegations.

34. Admitted except as to the report as to which the Trial Court defendants are without knowledge or information sufficient to form a belief as to the truth of their allegations.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Admitted except as to the second cell and its unique characteristics which are denied.

## COUNT I

### Section 1983 Liability of Bristol County

40.-46. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

## COUNT II

### Section 1983 Liability of County Commissioners

47. The Trial Court defendants repeat paragraphs 1 through 46 above as if set forth fully herein.

48.-53. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

## COUNT III

### Section 1983 Liability of the Sheriff

54. The Trial Court defendants repeat paragraphs 1 through 53 above as if set forth fully herein.

55.-61. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

### COUNT IV

### Section 1983 Liability of the Corrections Officer

62. The Trial Court defendants repeat paragraphs 1 through 61 above as if set forth fully herein.

63.-66. The allegations in these paragraphs do not relate to the Trial Court Defendants and they are therefore without knowledge or information sufficient to form a belief as to the truth of their allegations.

### COUNT V

### Section 1983 Liability of the Bailiffs

67. The Trial Court defendants repeat paragraphs 1 through 66 above as if set forth fully herein.

68. Denied.

69. Denied.

70. Denied.

71. This paragraph is a conclusion of law, admits of no responsive pleading, and is therefore denied.

### COUNT VI
### Liability of the Bailiffs for Intentional Infliction of Emotional Distress

72. The Trial Court defendants repeat paragraphs 1 through 71 above as if set forth fully herein.

73. Denied.

74. Denied.

75. Denied.

## AFFIRMATIVE DEFENSES

Further answering, the Trial Court defendants assert the following defenses:

## FIRST DEFENSE

LaMeire's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Trial Court defendants are entitled to qualified immunity because the law on which their claims are based are not "clearly established."

## THIRD DEFENSE

The Trial Court defendants acted at all times reasonably, without malice, recklessness or disregard of LaMeire's rights and with good faith and the belief that their actions were lawful and not in violation of any rights of LaMeire.

## FOURTH DEFENSE

LaMeire acted at all times relevant to this Complaint within the scope of his employment and his official capacity.

## FIFTH DEFENSE

LaMeire's alleged damages were not caused by the Trial Court defendants' acts or omissions.

**THE TRIAL COURT DEFENDANTS CLAIM A TRIAL BY JURY ON ALL ISSUES PRESENTED.**

THE TRIAL COURT DEFENDANTS,

By their Attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Charles M. Wyzanski*

Charles M. Wyzanski
BBO No. 536040
Assistant Attorney General
Government Bureau/Trial Division
200 Portland Street
Boston, MA 02114
(617) 727-2200

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail ~~(by hand)~~ on 4/18/00  */s/ Charles M. Wyzanski*