UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE H. LaMEIRE,<br>          Plaintiff,<br><br>vs.<br><br>ARTHUR R. MACHADO,<br>MARIA F. LOPES,<br>CHRISTOPHER T. SAUNDERS,<br>THOMAS M. HODGSON,<br>COUNTY OF BRISTOL,<br>JOHN DOE #1,<br>JOHN DOE #2,<br>JOHN DOE #3,<br>JOHN DOE #4, and<br>JOHN DOE #5,<br>          Defendant. | CIVIL ACTION<br>NO. 99cv12494-WGY |

## BRISTOL COUNTY DEFENDANTS' ANSWER TO AMENDED COMPLAINT (WITH JURY DEMAND)

Defendants, Bristol County Commissioners Arthur R. Machado, Maria F. Lopes, Christopher T. Saunders, Bristol County Sheriff Thomas M. Hodgson, and the County of Bristol (the "Bristol County Defendants"), for their answer to Plaintiff's Amended Complaint ("Amended Complaint"), hereby state as follows:

### Nature of the Action

1. Denied.

2. Denied.

3. Denied.

4. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.



5.   Denied.

## The Parties

6.   The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.  Admitted.

11.  Admitted that Sheriff Hodgson is the Sheriff of Bristol County and that he has the duties and responsibilities attendant thereto.  Otherwise, denied.

12.  Denied.

13.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

## Jurisdiction

15.  Paragraph 15 of the Amended Complaint contains legal conclusions to which no response is required.

16.  Admitted.

17.  Admitted.

18.  Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required.

19.  Denied.

## General Allegations

### Pretrial Detention and Psychiatric Care of LaMeire

20.     The allegations in the first sentence of paragraph 20 of the Amended Complaint are admitted.  The second sentence contains legal conclusions to which no response is required.  Answering the third sentence, denied.

21.     Denied.

22.     Admitted that Plaintiff was evaluated at Bridgewater State Hospital.  Further answering, insofar as the Amended Complaint purports to characterize the contents of written documents, said documents speak for themselves.  Further answering, paragraph 22 contains legal conclusions to which no response is required.  Otherwise, denied.

23.     Admitted that Plaintiff was evaluated at Bridgewater State Hospital.  Further answering, insofar as the Amended Complaint purports to characterize the contents of written documents, said documents speak for themselves.  Further answering, paragraph 23 contains legal conclusions to which no response is required.  Otherwise, denied.

24.     Denied.

### Trial and Suicide Attempt

25.     The allegations in the first sentence of paragraph 25 of the Amended Complaint are admitted.  The second sentence of paragraph 25 of the Amended Complaint purports to characterize the contents of documents, which documents speak for themselves.  Further answering, the Bristol County Defendants admit that Sheriff Hodgson is the duly elected Sheriff of Bristol County and that he has the duties and responsibilities attendant thereto.  Otherwise, paragraph 25 of the Amended Complaint is denied.

26.     Admitted.

27.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint. Further answering, the Bristol County Defendants state that proper procedures were followed each time Plaintiff was transported to Court.

28.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.  The Bristol County Defendants admit that corrections officers transported LaMeire back to the Ash Street Jail at approximately 4:00 p.m. on Friday, December 5, 1997. Otherwise, denied.

31.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.  The Bristol County Defendants admit that on the morning that LaMeire's trial was to begin, corrections officers began the process of transporting LaMeire from the Ash Street Jail to the Bristol County Superior Court. Otherwise, denied.

Suicide Attempt and Response by Bailiffs

33.  Admitted, except that the Bristol County Defendants are without knowledge or information concerning the number of holding cells to be at the Court..

34.  Denied.

35.  The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

## COUNT I

### Section 1983 Liability of Bristol County

40. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 39 above.

41. Paragraph 41 of the Amended Complaint contains legal conclusions to which no response is required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT II

### Section 1983 Liability of County Commissioners

47. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 46 above.

48. Paragraph 48 of the Amended Complaint contains legal conclusions to which no response is required.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### COUNT III

### Section 1983 Liability of the Sheriff

54. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 53 above.

55. Paragraph 55 of the Amended Complaint contains legal conclusions to which no response is required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### COUNT IV

### Section 1983 Liability of the Corrections Officers

62. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 61 above.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT V

### Section 1983 Liability of the Bailiffs

67. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 66 above.

68. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

## COUNT VI

### Liability of the Bailiffs for Intentional Infliction of Emotional Distress

72. The Bristol County Defendants repeat and incorporate by reference their responses to paragraphs 1 through 71 above.

73. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75. The Bristol County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

The Amended Complaint fails in whole or in part to state a claim against the Bristol County Defendants upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiff's purported claims based on deprivation of rights secured by the constitutions of the United States or of the Commonwealth of Massachusetts must be dismissed because of the immunity, qualified or otherwise, afforded to the Bristol County Defendants.

### **Third Affirmative Defense**

The Complaint is subject to dismissal pursuant to the Prison Litigation Reform Act, Pub. L. 104-134, § 803(d)(196), 42 U.S.C. § 1997e and 18 § 3626 et seq., because the Complaint fails in whole or in part to state a claim against the Bristol County Defendants upon which relief can be granted and seeks monetary relief from the defendants who are immune from such relief. The nature and scope of available relief is further circumscribed by the statutes.

### **Fourth Affirmative Defense**

The Plaintiff's claims are barred by 42 U.S.C. § 1997e(e).

### **Fifth Affirmative Defense**

The Plaintiff is estopped by his conduct and has no right of recovery against the Bristol County Defendants.

### Sixth Affirmative Defense

The Plaintiff has not been damaged by any wrongful conduct of the Bristol County Defendants.

### Seventh Affirmative Defense

The Plaintiff's claims are barred because any alleged injury or damage, if any, resulted from Plaintiff's own actions and conduct for which the Bristol County Defendants are not liable.

### Eighth Affirmative Defense

The Plaintiff's claims must fail since, at all relevant times, the Bristol County Defendants acted in good faith.

### Ninth Affirmative Defense

If any unlawful or wrongful actions were taken against plaintiff as alleged in the Complaint, which the Bristol County Defendants expressly deny, then those unlawful actions were not taken in furtherance of any policy of the Bristol County Sheriff or of Bristol County.

### Tenth Affirmative Defense

The Bristol County Sheriff's conduct, or that of his department and/or Bristol County, did not amount to deliberate, callous or indifferent disregard of Plaintiff's constitutional rights.

### Eleventh Affirmative Defense

The Bristol County Defendants were justified in their conduct and acts, and therefore, the Bristol County Defendants are not liable as alleged in the Complaint.

### Twelfth Affirmative Defense

The Bristol County Defendants' acts and conduct, to the extent they occurred as alleged, were undertaken in the good faith performance of official duties, without malice or deliberate indifference, and therefore, were privileged under applicable law.

### Thirteenth Affirmative Defense

Each of the Bristol County Defendants is not liable because he or she had no personal involvement in any purported deprivation of rights.

### Fourteenth Affirmative Defense

To the extent that the Plaintiff may seek recovery in tort, his claims are barred by the provisions of M.G.L. c. 258.

### Fifteenth Affirmative Defense

The Plaintiff has failed to show any injury or other damage.

### Sixteenth Affirmative Defense

The Bristol County Defendants relied upon and their conduct conformed to applicable state and federal law.

### Seventeenth Affirmative Defense

The Bristol County Defendant's actions did not rise to the level of a constitutional violation, and therefore, the Plaintiff did not suffer any infringement of his constitutional rights.

### Eighteenth Affirmative Defense

The acts complained of and any damages allegedly caused were self-inflicted and as such the Bristol County Defendants are not liable for any self-inflicted damages.

### Nineteenth Affirmative Defense

Any damages Plaintiff suffered, to the extent any such damages actually were incurred, were caused by Plaintiff's own wrongful act or acts, reckless misconduct and/or negligence.

## PRAYER FOR RELIEF

WHEREFORE, the Bristol County Defendants request that this Court:

1. Enter judgment in the Bristol County Defendants' favor and against Plaintiff and dismiss each count of the Amended Complaint with prejudice;

2. Award the Bristol County Defendants their costs, expenses and attorneys' fees incurred in obtaining such judgment; and

3. Grant such other relief as this Court deems just and appropriate.

## JURY DEMAND

The Bristol County Defendants demand a trial by jury on all issues, facts and claims so triable.

> Respectfully submitted,
> BRISTOL COUNTY COMMISSIONERS,
> ARTHUR R. MACHADO,
> MARIA F. LOPES,
> CHRISTOPHER T. SAUNDERS,
> BRISTOL COUNTY SHERIFF
> THOMAS M. HODGSON and
> THE COUNTY OF BRISTOL,
> By their attorneys,
>
> /s/ Nancy Sue Keller
> Gary W. Smith (BBO #550352)
> Nancy Sue Keller (BBO #644515)
> BURNS & LEVINSON LLP
> 125 Summer Street
> Boston, MA 02110
> (617) 345-3000

Dated: June 27, 2000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party ~~by mail~~ (by hand) on 6/26/2000.

/s/ Nancy Sue Keller

00414415.DOC/17126.27